**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Torian GRIFFIN, Defendant–Appellant.**

**No. 01–1649.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 2, 2001 *.

Decided Oct. 2, 2001.

Before Hon. RICHARD A. POSNER, Hon. FRANK H. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

Order

Torian Griffin, who pleaded guilty to distributing cocaine, contends on this

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

appeal that, when calculating relevant conduct under U.S.S.G. § 1B1.3(a), the district judge should not have included about 300 grams of crack cocaine found in a stash house to which Griffin had access (and from which he obtained drugs to sell to an informant). With the 300 grams included Griffin's sentencing range is 292–365 months; otherwise the range would be 235–293 months. Griffin's sentence, 292 months, is at the intersection of these ranges, but, because the district judge did not declare that he would have imposed the same sentence no matter which range prevails, we must address Griffin's contention that the relevant-conduct calculation was erroneous. See *United States v. Mount*, 966 F.2d 262 (7th Cir.1992).

Griffin did not present any evidence at sentencing, but his lawyer asserted that the drugs found in the stash house did not belong to Griffin. Instead, according to counsel, they belonged to other offenders (who counsel did not identify), and Griffin's only role had been to "cook" this crack from powder cocaine. Given the lack of evidence to support this story, the district judge did not commit clear error in rejecting it. What is more, we cannot see how Griffin would have been better off if the judge had believed the tale. It depicts Griffin as a member of a larger conspiracy, and as a conspirator he would be responsible for any reasonably foreseeable quantities of drugs—including, at a minimum, the crack Griffin "cooked" himself. See *United States v. Willis*, 49 F.3d 1271 (7th Cir.1995). Griffin was the beneficiary of the district judge's approach to ascertaining relevant conduct. Had the judge accepted counsel's story, the court would have been obliged to determine how much cocaine the conspiracy distributed (to Grif-

fin's knowledge) over its entire existence. Instead the judge imputed to Griffin only the inventory held on a single day. He has no complaint.

AFFIRMED